INTERNATIONAL EXPRESS AND FOUNDRY CO., PLAINTIFF AND
APPELLEE, v. ALLEN ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action of
Intervention.—Motion for Dismissal.

No. 3178.—Decided November 25, 1924.

APPEAL—INTERVENTION.—The fact that the plaintiff in the principal action filed
an answer and a counter-complaint to the complaint of the intervenor does
not take the action out of the scope of the Act of 1907 relating to the trial
of right to personal property, and inasmuch as the judgment in favor of the
intervenor was appealed from after the expiration of ten days from the notice
of judgment, the appeal should be dismissed. The order of February 29,
1924, is reconsidered and set aside.

The facts are stated in the opinion.
*Mr. C. Brunet* for the appellants.
*Mr. D. Sepúlveda* for the appellee.
MR. JUSTICE WOLF delivered the opinion of the court.

This was a case wherein on February 29th, 1924, we
overruled a motion to dismiss the appeal. Subsequently the
appellee filed a motion for reconsideration which we set for
hearing along with the hearing of the case on its merits.
The appellee did not argue its case but submitted on brief.
For a while we thought we had acquired jurisdiction of the
case in accordance with our decision of February 29th, *supra*.
A careful examination convinces us that our previous deci-
sion was erroneous and that the appeal must be dismissed.

In its original motion for dismissal the appellee main-
tained that the whole proceeding was one begun and enter-
tained by virtue of the Act of 1907 as amended in 1908 Relat-
ing to the Trial of Right to Personal Property. Laws of
1907, p. 308. Section 19 thereof provides as follows:

"Section 19.—Appeal may be taken from all judgments rendered
in cases of claims brought by a third party, within ten days and in
the manner provided in the Code of Civil Procedure, for all ap-
peals."

The appellant maintained and we agreed with her that
the proceeding here was an independent proceeding and not

one brought under the provisions of the Act of 1907. The form of the complaint in intervention led us to that conclusion as said complaint has a title and number as if it were an independent suit, and the papers copied into the statement of the case showing the original attachment bear no title and number but simply say "Title." In other words we had no opportunity to compare the title in the intervention matter with the title in the original suit to see that the number and title were the same. A more careful scrutiny of all the papers and the data furnished by appellee however reveals the fact that although the complaint bears the number 7001, this was also the number of the original complaint, brought by the complainant and appellant, in the original suit, and that all the proceedings were had in pursuance of the Act of 1907. She attached or executed after obtaining a judgment. The appellee intervened and obtained a judgment in its favor. The appeal is from that judgment, rendered in a proceeding authorized by said Act of 1907 which in its 19th section limits the time for appealing to ten days.

The appellant and original complainant argue that as she presented an answer and a cross-complaint to the complaint of the intervenor raising different issues, the action was taken out of the scope of the Act of 1907. The answer and supposed cross-complaint, however, was in response to the complaint in intervention made within the intervention proceeding. The judgment was clearly in favor of the claimant whose rights are fixed by said act. We are now therefore satisfied that the judgment was comprehended within the terms of that act.

Under these circumstances the appeal should have been taken within ten days from the notice of judgment, and as the appeal was not so taken it must be dismissed. It is so ordered.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.